UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:13-cr-28-FtM-29DNF

CHAUNCEY JACKSON
_____

**OPINION AND ORDER**

On July 22, 2013, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #38) recommending that defendant's Motion for Pre-Trial Suppression Hearing (Doc. #26) be denied. Defendant filed Objections (Doc. #47) to the Report and Recommendation. For the reasons set forth below, these objections are overruled.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district

judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

**II.**

As defendant notes, the underlying facts are largely uncontested. The Court adopts the facts as set forth in the Report and Recommendation. (Doc. #38, pp. 1-5.)

Defendant argues that the stop of the vehicle was unconstitutional, a position rejected by the Report and Recommendation. The Court agrees with and adopts the analysis of the Report and Recommendation as to this issue. (Doc. #38, pp. 5-6.) A law enforcement officer observed the vehicle commit a traffic infraction in his presence; therefore, he had probable cause to stop the vehicle. Contrary to defendant's suggestion, there was no evidence of an improper pretext and, in any event, the subjective motivation of the officer is not relevant in light of the actual traffic infraction observed by the officer. Whren v. United States, 517 U.S. 806, 813 (1996); United States v. Jones,

377 F.3d 1313, 1314 n.1 (11th Cir. 2004).  Defendant's objection is overruled.

Defendant argues that the duration of the stop and the search of the vehicle after the stop were unconstitutional.  The Report and Recommendation found that as a mere passenger, defendant had no standing to challenge the constitutionality of the vehicle search. (Doc. #38, pp. 6-8.)  Alternatively, assuming standing, the Report and Recommendation found the search was lawful under Terry v. Ohio, 392 U.S. 1 (1968).  (Doc. #38, pp. 8-10.)

Although the Objection criticizes the Report and Recommendation for concluding there is a bright line rule depriving a passenger of standing to challenge a vehicle search if there is probable cause for the stop (Doc. #47, pp. 3-4), this is not what the Report and Recommendation said.  The Report and Recommendation examined the facts of the case and concluded there was no standing by defendant to challenge the search of this vehicle.  (Doc. #38, pp. 7-8.)  The Court agrees with the Report and Recommendation's analysis of this issue, and therefore adopts that portion of the Report and Recommendation and overrules defendant's objection.

In the alternative, the Report and Recommendation assumed standing and found the search of the vehicle was lawful under Terry and its progeny.  The Court agrees with this analysis, adopts this portion of the Report and Recommendation, and overrules the objections.

The Report and Recommendation does not address defendant's claim that the duration of the detention was unlawful. When evaluating whether the duration of an investigative detention is unreasonable and too intrusive, the Supreme Court has indicated that "common sense and ordinary human experience must govern over rigid criteria." United States v. Sharpe, 470 U.S. 675, 685 (1985). A traffic stop can last long enough for the police to ask questions about the reasons for the infraction and to conduct a variety of checks about licenses, registration, and insurance. United States v. Hernandez, 418 F.3d 1206, 1212 n.7 (11th Cir. 2005). Additionally, the officer may lengthen the detention for further questioning beyond that connected to the initial stop if (1) the officer "has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring;" or (2) "if the initial detention has become a consensual encounter." United States v. Pruitt, 174 F.3d 1215, 1220 (11th Cir. 1999). "[T]he [Supreme] Court [has] held, in a case involving a traffic stop, that '[a]n officer's inquiries into matters unrelated to the justification for the . . . stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.'" United States v. Griffin, 696 F.3d 1354, 1361 (11th Cir. 2012) (quoting Arizona v. Johnson, 555 U.S. 323, 333 (2009)). The Court finds that under the facts of this case, the duration of

defendant's detention prior to his arrest was reasonable and not too intrusive.

The Report and Recommendation also correctly notes that since there was no illegal stop or search, there was no viable issue that the statement by Jamar James should be suppressed as derivative of the unlawful conduct. This portion of the Report and Recommendation is also adopted.

Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. #38) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion for Pre-Trial Suppression (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of September, 2013.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
DCCD